562 S.E.2d 310

**In the Matter of J. Stephen McCORMACK, Respondent.**

**No. 25440.**

Supreme Court of South Carolina.

Submitted Feb. 27, 2002.

Decided April 8, 2002.

44

Henry B. Richardson, Jr., of Columbia, for the Office of Disciplinary Counsel.

J. Stephen McCormack, pro se, of Ridgeland.

PER CURIAM.

In this attorney disciplinary matter, respondent and Disciplinary Counsel have entered into an Agreement for Discipline by Consent pursuant to Rule 21, RLDE, Rule 413, SCACR. In the agreement, respondent admits misconduct and consents to the imposition of any sanction set forth in Rule 7(b), RLDE, Rule 413, SCACR. We accept the agreement and disbar respondent, retroactive to the date respondent was placed on interim suspension.[1] The facts as admitted in the agreement are as follows.

### *Facts*

Respondent represented client in a probate matter. The Probate Court directed opposing counsel to remit $12,759.56 to client and/or the trust, for which client served as trustee. The Probate Court set forth specific directions concerning the distribution and use of these funds.

In accordance with the Probate Court's order, opposing counsel issued a check made payable to respondent. Respondent did not deposit the check into his escrow or trust account. Instead, respondent deposited the check into a joint personal account held by himself and his mother.

---

1. Respondent was placed on interim suspension by order of this Court dated January 28, 2002.

From these funds, respondent paid himself a fee, as well as the fee of another lawyer as directed by the Probate Court. In violation of the Probate Court's order, respondent then used the remaining funds for the benefit of himself and/or his mother.

Upon being confronted by client, respondent acknowledged that he had "borrowed" from the funds to pay his mother's mortgage. Respondent has since repaid a portion of the money that he owes client; however, respondent still owes client approximately $4,946.25. Respondent is currently unable to repay client the balance due and has sought protection under the United States Bankruptcy Code.

### *Law*

By his conduct, respondent has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 1.1 (a lawyer shall provide competent representation to a client); Rule 1.3 (a lawyer shall act with reasonable diligence and promptness in representing a client); Rule 1.4 (a lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information); Rule 1.15 (a lawyer shall hold and safeguard property of clients separate from the lawyer's own business or personal property; upon receiving funds in which a client has an interest, a lawyer shall promptly notify the client; a lawyer shall promptly deliver to the client any funds that the client is entitled to receive); Rule 8.4(a) (violating the Rules of Professional Conduct); Rule 8.4(b) (committing a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer); Rule 8.4(c) (engaging in conduct involving moral turpitude); and Rule 8.4(e) (engaging in conduct prejudicial to the administration of justice).

Respondent also admits that he violated the financial record keeping requirements found in Rule 417, SCACR.

### *Conclusion*

We accept the Agreement for Discipline by Consent and disbar respondent from the practice of law in this state. Respondent shall not be entitled to seek reinstatement or readmission to the practice of law until he has fully repaid all funds owed client and/or the trust, including reasonable inter-

est, and until he has reimbursed the Lawyer's Fund for Client Protection for any and all amounts paid, including reasonable interest, in connection with this matter. Within fifteen days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30 of Rule 413, SCACR, and shall also surrender his Certificate of Admission to the Practice of Law to the Clerk of Court.

**DISBARRED.**

TOAL, C.J., MOORE, WALLER, BURNETT and PLEI-CONES, JJ., concur.